SCOTT J. SAGARIA (BAR # 217981)
SAGARIA LAW, P.C.
333 West San Carlos Street, Suite 1700
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorney for Debtor(s),

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>**TINA BERTUCCIO,**<br><br>Debtor. | Case N. 10-50095-CN<br><br>Chapter 13<br><br>**DEBTOR'S REPLY TO OPPOSITION OF BOLSA ROAD PROPERTIES, LLC TO DEBTOR'S MOTION TO VACATE DISMISSAL AND CONVERT CASE TO CHAPTER 11 NUNC PRO TUNC**<br><br><u>Hearing Date & Time:</u><br><br>Date: July 9, 2010<br>Time: 1:00 p.m.<br>Judge: Hon. Charles Novak<br>Crtrm: 3070 |

Debtor Tina Bertuccio hereby submits her reply to the opposition filed by Bolsa Road Properties, LLC to Debtor's motion for an order vacating the dismissal of this proceeding and order converting the Chapter 13 case to a Chapter 11 proceeding, nunc pro tunc. As explained in her Motion, Debtor's bankruptcy case was dismissed for failure to file a Chapter 13 Plan. When the dismissal was automatically issued by the Court Clerk, Debtor's motion to Convert to a Chapter 11 bankruptcy proceeding

DEBTOR'S REPLY TO OPPOSITION OF BOLSA ROAD PROPERTIES, LLC TO DEBTOR'S MOTION TO VACATE DISMISSAL AND CONVERT CASE TO CHAPTER 11 NUNC PRO TUNC - 1

was still pending. Debtor had not received any opposition to her conversion motion at the time the case was dismissed.

## **PROCEDURAL HISTORY**

On January 6, 2010, this case was initially filed as an emergency/skeletal Chapter 13 proceeding in order to stop a foreclosure sale on Debtor's residence. The bankruptcy filing was properly noticed on all interested parties and the foreclosure sale was stopped.

On January 7, 2010, the court issued an Order Providing for Dismissal for Failure to File the Chapter 13 Plan if Debtor did not file her Chapter 13 Plan within 14 days, as well as Order Providing for Automatic Dismissal if Debtor did not file the balance of her Schedules within 45 days of filing. Debtor did not have sufficient documentation to complete the balance of the schedules or file a Chapter 13 Plan within the 14 day deadline, so a timely ex parte motion was filed to extend time to file schedules and statements on January 22, 2010. Debtor's request was granted and an Order Granting Motion to Extend Time was filed on February 12, 2010. Upon receipt of additional information from Debtor, it was determined that Debtor did not qualify for a Chapter 13 proceeding because she was over the jurisdictional debt limits. Debtor could not comply with the Court's order to file a feasible Chapter 13 Plan because she did not meet the 109(e) jurisdictional debt limits.

DEBTOR'S REPLY TO OPPOSITION OF BOLSA ROAD PROPERTIES, LLC TO DEBTOR'S MOTION TO VACATE DISMISSAL AND CONVERT CASE TO CHAPTER 11 NUNC PRO TUNC - 2

Case: 10-50095    Doc# 39    Filed: 07/02/10    Entered: 07/02/10 15:41:31    Page 2 of 7

As such, on February 22, 2010, Debtor attempted to convert this matter to a Chapter 11 proceeding through an ex parte motion and paid the conversion fee. Debtor filed her motion ex parte in an attempt to have the case converted to the appropriate chapter as expeditiously as possible. However, the Court notified Debtor that the conversion request must be a noticed motion, and thus could not procedurally be granted. Therefore, on March 1, 2010, Debtor filed a motion to convert this matter to a Chapter 11 Bankruptcy proceeding accompanied by a Notice and Opportunity for Hearing, which was served on all parties. Debtor again paid the necessary conversion fee. There was no objection to Debtor's motion filed by any party at interest.

On April 1, 2010, this office was contacted by the Court requesting an uploaded order regarding the conversion. On April 2, 2010 an Order was submitted to the Court for execution. On April 14, 2010, the Order was returned unsigned because the case had been dismissed by the Chapter 13 Clerk on April 12, 2010. Given that the Court had requested the Order granting Debtor's motion to convert to a Chapter 11 proceeding on April 1, 2010, Debtor did not anticipate the Clerk's dismissal on April 12, 2010. Debtor then filed the instant motion on April 26, 2010, to Vacate the Dismissal and Convert to Chapter 11 Nunc Pro Tunc. Debtor hereby files this brief in Reply to the Opposition filed by Creditor Bolsa Road Properties, LLC on May 15, 2010.

DEBTOR'S REPLY TO OPPOSITION OF BOLSA ROAD PROPERTIES, LLC TO DEBTOR'S MOTION TO VACATE DISMISSAL AND CONVERT CASE TO CHAPTER 11 NUNC PRO TUNC - 3

Case: 10-50095    Doc# 39    Filed: 07/02/10    Entered: 07/02/10 15:41:31    Page 3 of 7

# ARGUMENT

**I. MOTIONS TO VACATE DISMISSAL ARE FREQUENTLY GRANTED PROCEDURAL REQUESTS IN BANKRUPTCY CASES**

Contrary to the arguments set forth in Bolsa Road Properties, LLC's opposition to Debtor's Motion, both reinstatement of a bankruptcy case and nunc pro tunc conversion orders are recognized procedural requests that this Court has the authority to grant.

Motions to vacate dismissal orders are frequent procedural requests in bankruptcy cases. *In re Singleton* 358 B.R. 253, 258 (D.S.C. 2006). "Bankruptcy courts are authorized to set aside a final judgment or order, including case dismissal orders, under Fed. R. Bankr.P. 9024, which incorporates Fed.R.Civ.P. 60(b) into practice under the Bankruptcy Code. [Citation.]" *Id.* Rule 60(b) sets forth six reasons that justify granting relief from a final judgment or order:

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should

DEBTOR'S REPLY TO OPPOSITION OF BOLSA ROAD PROPERTIES, LLC TO DEBTOR'S MOTION TO VACATE DISMISSAL AND CONVERT CASE TO CHAPTER 11 NUNC PRO TUNC - 4

Case: 10-50095   Doc# 39   Filed: 07/02/10   Entered: 07/02/10 15:41:31   Page 4 of 7

have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

*Fed.R.Civ.P. 60(b).*

In the instant case, a reinstatement order is warranted because, as set forth above, Debtor was unable to file the required Chapter 13 Plan because it was determined that her estate was over the jurisdictional debt limits. This determination led to the filing of Debtor's request to convert this case to a Chapter 11 bankruptcy proceeding. The dismissal of her case was due to the Clerk's automatic dismissal filed for failure to file a feasible Chapter 13 Plan while the conversion motion was still pending.

As previously explained, the Conversion Motion was filed on March 1, 2010. All required formalities were observed including the payment of a conversion fee and the inclusion of a Notice and Opportunity for Hearing. No objection was filed to oppose the Conversion Motion and, on April 1, 2010, the Court requested an uploaded order regarding the conversion. On April 2, 2010, a proposed order was submitted to the court for execution. Notwithstanding the Court's apparent willingness to convert the case from Chapter 13 to Chapter 11, on April 12, 2010 the court clerk dismissed Debtor's case for failure to file Chapter 13 Plan before the conversion order was signed by the court.

The dismissal of Debtor's bankruptcy filing was a product of mistake, inadvertence, and understandable confusion. The facts of this case certainly qualify

under Fed. R. Bankr.P. 9024 for an order granting relief from dismissal. As such, Debtor respectfully requests that this Court grant her Motion to Vacate Dismissal and Convert Case to Chapter 11 Nunc Pro Tunc.

## II. BANKRUPTCY COURTS HAVE DISCRETION TO ISSUE NUNC PRO TUNC CONVERSION ORDERS UPON SHOWING OF GOOD CAUSE

The equitable powers granted to bankruptcy courts under 11 U.S.C. § 105(a) include the authority to issue nunc pro tunc conversion orders.[1] *In re Mitan*, 573 F.3d 237, 244-45, (C.A.6.Mich. 2009). In discussing such orders, the court in *In re Mitan* stated that "'[s]uch nunc pro tunc orders are permissible so long as they 'are necessary or appropriate to carry out the provisions of ... [T]itle [11].'"' *Id.* (citing 2-105 Collier on Bankruptcy-15th Edition Rev. § 105.04). In *In re Mitan*, the Bankruptcy Appellate Court reviewed and approved the lower courts nunc pro tunc conversion order because the circumstances of the case warranted equitable relief and because the order was consistent with the provisions and policies of bankruptcy administration as set forth by Title 11. *Id.* at 245, 246.

A nunc pro tunc conversion order is appropriate in the instant case because the original conversion motion would have been granted but for the Clerk's dismissal of

---

[1] Section 11 U.S.C. § 105(a) provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

the case during the pendency of the original conversion motion. That is, a nunc pro tunc conversion order would simply accomplish that which should have been done previously. As such, Debtor respectfully requests that this Court grant the Motion to Vacate Dismissal and Convert Case to Chapter 11 Nunc Pro Tunc.

## CONCLUSION

For the foregoing reasons, Debtor respectfully requests that this Court grant her Motion to Vacate Dismissal and Convert Case to Chapter 11 Nunc Pro Tunc.

RESPECTFULLY SUBMITTED:

**SAGARIA LAW, P.C.**

Dated: July 2, 2010 /s/ *Patrick Calhoun*
PATRICK CALHOUN
Attorney for Debtor

DEBTOR'S REPLY TO OPPOSITION OF BOLSA ROAD PROPERTIES, LLC TO DEBTOR'S MOTION TO VACATE DISMISSAL AND CONVERT CASE TO CHAPTER 11 NUNC PRO TUNC - 7

Case: 10-50095   Doc# 39   Filed: 07/02/10   Entered: 07/02/10 15:41:31   Page 7 of 7